Antonio Tezza et ux.
vs.
Vincenzo Paolino et ux.

Eq.No.8068

October 5, 1926

RESCRIPT

TANNER, P. J. This is a bill in equity brought to restrain respondents from excavating the land of Josephine Paolino, one of the respondents, so as to injure or destroy Alpine street, and also to prevent said respondents from excavating their lots on said Alpine street so as to injure the adjoining lots of the said complainants on said Alpine street. Alpine street is a street upon a plat entitled Lafayette Park in the town of Johnston.

We find from the testimony, and also from the view which we have taken, that the said respondents did intend to excavate a portion of Alpine street adjoining their premises and also intended to excavate their lots adjoining the complainants' lots.

The respondent, Vincenzo Paolino, testified that he only intended to excavate on said Alpine street so as to lower the grade and make it accessible from Iron street into which said Alpine street led. Alpine street where it abuts upon Iron street is 10 or 12 feet above the grade of Iron street and should be lowered in grade to make it accessible from said Iron street. If this were all that the respondent intended to do, it would be no more than he had a legal right to do, but the said Vincenzo Paolino admitted upon the stand that he did intend to excavate through said Alpine street if he could have obtained the consent of the complainants, and we believe from the attending circumstances and the testimony that he intended to do so if he had not been stopped by injunction. The view showed that he had stripped the top loam from Alpine street as far as his lots extended and had dug a considerable hole into the center of the street adjoining the thirty-one foot in depth excavation which he had made to the very edge of Alpine street and perhaps into it. We therefore think that he should be enjoined from any further execavating upon Alpine street other than is necessary to lower the grade sufficiently to give an easy entrance into Iron street. We think he should be enjoined also merely from making any excavation upon his lots adjacent to the complainants' lot which would cause the complainants' land, by reason of the withdrawal of this lateral support, to fall away or subside. The respondent will then be at liberty to excavate as he pleases in respect to his lots adjacent to the complainants', at the peril, nevertheless, of being convicted of a violation of the injunction in case his excavation should result in injury to the complainants' land.

Farrand vs. Marshall, 19 Barber 380.

The respondent urges that the complainant does not come into equity with clean hands, because he has made a slight excavation upon his own lots on said Alpine street and has actually got into Alpine street for a very short distance. The complainant testifies that he did this unwittingly and is ready to restore the land which he has taken from Alpine street and to remove a small quantity of loam which he has deposited on Alpine street.

We are not entirely satisfied that the complainant did this unwittingly, but whether he did or not, he is bringing this bill not only in his own behalf but in behalf of all the land owners upon the plat, and it is for their benefit that this Alpine street should be maintained as it is shown upon the plat.

A secret agreement in fraud of creditors will be set aside at the suit of the insolvent who made this agreement. This is done out of consideration for the creditors and not for the benefit of the insolvent.

1st Pomeroy's Equity, page 755, note.

The respondent also urges that the complainant has abandoned his right of way. We do not think that the small cut which the complainant has made into Alpine street is such a decisive act as to constitute an abandonment of the right of way. Furthermore, such abandonment would not affect the rights of the other owners on the plat, which rights will be preserved by this suit.

In Steere vs. Tiffany, 13 R. I. 568, it is held that the acts of abandonment were unequivocal and, furthermore, the situation was such that a suit could not have been of any benefit to the owners of other lots.

We think the complainant should be decreed to restore the small cut which he has made upon Alpine street and that the respondents should be enjoined as above indicated.

For Complainants: McKenna & Boudreau.

For Respondents: Knauer & Fowler.